■ In the Matter of CRANA ELECTRIC, INC., Appellant, v BATTERY PARK CITY AUTHORITY, Doing Business as HUGH L. CAREY BATTERY PARK CITY AUTHORITY, et al., Respondents. [60 NYS3d 679]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered May 11, 2016, which converted the action to a CPLR 7506 (b) proceeding to compel respondent vice president of internal audit (the arbiter) to proceed promptly with a hearing, and directed the arbiter to issue a decision within 60 days after service of a copy of the order and judgment, unanimously affirmed, without costs.

The alleged vacancy in the position of vice president of internal audit did not vitiate the dispute resolution procedures set forth in the subject contract. The parties' overarching intent to arbitrate petitioner's claims is manifest in the broad language of the contract's dispute resolution provision, which

defines the dispute resolution procedure as petitioner's "sole means for challenging any determination, order or other action of the Owner [respondent Battery Park City Authority] or otherwise asserting against Owner any claim of whatever nature arising under, or in any way relating to this Agreement" (*see State of New York v Philip Morris Inc.*, 30 AD3d 26, 31 [1st Dept 2006], *affd* 8 NY3d 574 [2007]). Given the "dominant intention to arbitrate at all events," a vacancy in the arbiter position would not serve to frustrate that intention (*see Matter of Marchant v Mead-Morrison Mfg. Co.*, 252 NY 284, 295 [1929], *appeal dismissed* 282 US 808 [1930]; CPLR 7504 ["Court appointment of arbitrator"]).

Nor did the alleged vacancy in the arbiter position relieve petitioner of its obligation to exhaust administrative remedies before commencing the instant proceeding (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see* CPLR 7504; 7506 [b]).

Petitioner failed to show that resort to the contract's dispute resolution procedures would be futile. Petitioner's contention that the arbiter is biased because he is under the Authority's control is unavailing in view of the parties' agreement that an employee of the Authority will act as arbiter. Concur—Tom, J.P., Mazzarelli, Andrias, Oing and Singh, JJ.